No. 55114.—Key West Wholesale Grocery Co. v. United States, petition 6616–R (Tampa).

Rao, Judge: This is a petition filed pursuant to the provisions of section 489 of the Tariff Act of 1930, for the remission of additional duties assessed against an importation of artificial food coloring known as "Bijol." The merchandise in question was imported through the port of Key West, Fla. It was entered on November 18, 1946, at the invoice price of 75 cents per box, and appraised on December 13, 1946, at $1.50 per box on the basis of American selling price, by virtue of the fact that the product was composed in part of a coal-tar derivative. The increase of the appraised value over the entered value resulted in the assessment of additional duties in the sum of $225.

In seeking remission of these duties, petitioner alleged that at the time of entry it had no knowledge of the proper classification of "Bijol" or of the fact that said merchandise was a coal-tar product. It was further alleged that on several prior occasions "Bijol" had been imported by petitioner and had been "appraised as a food coloring."

There is evidence in the record herein which generally tends to support these allegations. It appears that petitioner is a copartnership of two brothers who were engaged in a grocery business in Key West, Fla. They were totally unfamiliar with customs matters and with the provisions of the tariff act. Every step of the way they took in entering their merchandise was made only after seeking and heeding the advice of the deputy collector of customs at the port of Key West, Fla., who was also the appraiser of the port and the examiner of the instant merchandise.

It seems that he, too, was unfamiliar with the type of merchandise which petitioner imported. It was he, however, who suggested that the merchandise be entered under paragraph 781 of the Tariff Act of 1930, as spices for culinary use. After entry, he requested information from the Customs Information Exchange. He was informed by the appraiser at Miami that there had been previous importations in the district of this article and that it had been classified as a coal-tar product. As a result, he sent samples of the merchandise to the customs laboratory at Savannah, Ga., and ascertained from the laboratory report that "Bijol" was a coal-tar product, properly classifiable under paragraph 28 of the Tariff Act of 1930.

It further appears that petitioner had made several previous importations of this merchandise through the port of West Palm Beach, Fla., but that neither of the partners had taken any part in entering the merchandise. On each occasion, the entire transaction was handled for them by the Railway Express Agency. Both of the brothers testified that the duty was the same for all of these entries and that they were under the impression that the merchandise had always previously been entered as spices for cooking. They did not know and had no reason to believe that "Bijol" was a coal-tar product, or that it was ever entered as such at West Palm Beach. While they did not ascertain from their West Palm Beach representative how the merchandise had actually been entered, they showed the deputy collector at Key West all of the papers in their possession covering those entries.

There are inference and innuendo throughout the record, on the part of the Government, that the West Palm Beach entries had been classified as coal-tar products, but no evidence to substantiate that fact. Counsel for the Government requested a transfer of the trial to the port of West Palm Beach, only to submit upon the record as made in Key West. In the absence of any proof that the

prior importations had been classified as coal-tar products, we are not inclined to hold that petitioner's failure to contact its West Palm Beach representative for information as to entries made there was evidence of lack of good faith. If we accept as true the witness, Jack Einhorn's statement that the amount of duty petitioner paid in Key West at the time of making the original entry there as a food product was the same as the rate of duty it was paying on the West Palm Beach entries, and there is nothing in the record to contradict that statement, then we cannot charge the petitioner with any lack of diligence in failing to check the West Palm Beach entries.

There is no evidence in the record tending to show that at the time of entry either of the members of the petitioner had any reason to believe that the entered value and classification of the merchandise were incorrect. These were not persons experienced in customs matters. This was the first entry made by either of them. They made a complete and candid disclosure to the examiner of all of the facts in their possession. He, in turn, stated that he did not have any reason to believe that at the time of entry the petitioner acted with any intent to defraud the revenue of the United States.

During the course of the trial of this case at Key West, Fla., the trial judge reserved decision upon certain motions made by counsel for the respondent. We deem it appropriate to pass upon these applications before concluding this opinion.

There was offered in evidence on the part of petitioner a letter, dated December 23, 1946, from the foreign manufacturer to the petitioner, together with an English translation of its Spanish text. Counsel for respondent objected to the admission of this letter, and same was marked plaintiff's collective exhibit 3 for identification. As this letter was sent subsequent to the date of appraisement of the instant merchandise, and cannot possibly have any bearing upon the good faith of petitioner at the time of entry, we sustain respondent's objection to its admission in evidence, with an exception to petitioner.

We also sustain respondent's objection to certain offers of proof made by counsel for petitioner, an exception being granted to petitioner. As pointed out by counsel for respondent, an offer to prove what a witness called by an adverse party will state is wholly improper.

We are satisfied, however, that the importer acted in good faith and without intent to defraud the revenue of the United States, or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise. The petition for remission is therefore granted.

Judgment will be entered accordingly.